UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNIVERSAL LOGISTICS
SOLUTIONS, INC.,

       Plaintiff,

v.

GLOBAL KEG RENTAL, LLC, et al.,

       Defendants.
_____/

Case No. 17-cv-10078

HON. MARK A. GOLDSMITH

**OPINION & ORDER
DENYING PLAINTIFF'S MOTION TO ENFORCE CARRIER'S LIEN (Dkt. 20)**

This matter is before the Court on Plaintiff Universal Logistics Solutions, Inc.'s motion to enforce a carrier's lien (Dkt. 20), to which Defendants Global Keg Rental, LLC and Global Keg Rental Investments, LLC (collectively "Global Keg") filed a response (Dkt. 19). Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons stated below, the Court denies the motion.

**I. BACKGROUND**

Global Keg operates a commercial keg rental service. Defs. Resp. at 5. According to Global Keg, it had an arrangement with NDL Keg, LLC ("NDL Michigan"), pursuant to which NDL Michigan supplied kegs for Global Keg's rental business. Id. at 4. It was Global Keg's understanding that NDL Michigan obtained the kegs from Defendant NDL Keg (Qingdao) Inc. ("NDL China"), and that NDL China had an arrangement with Universal for the transportation and distribution of the kegs. Id.

1

On November 3, 2015, Universal and Global Keg entered into a Transportation Agreement, whereby Global Keg agreed to pay Universal to transport certain goods (i.e., the kegs) "by sea, air, and land." Pl. Br. at 2; Transportation Agreement, Ex. A to Compl. (Dkt. 1-1).[1] During the course of business, Universal provided Global Keg with numerous invoices and bills of lading, but, according to Universal, Global Keg has failed to pay for any of the transportation services. Id.

Universal has notified Global Keg of the outstanding balance on numerous occasions and attempted to recover the money owed to it for the transportation and related services from Global Keg. Id. at 5. Nonetheless, Global Keg has failed to pay. Id. As a result, Universal now claims that it is in the position of storing and maintaining the goods at issue. Id. at 2.

## II. DISCUSSION

Universal asserts that it is a carrier under Michigan law, based on the language of the Transportation Agreement and/or the bills of lading, and that it has a "lien for the transportation and storage charges on the goods it shipped/transported/stored for Global Keg . . . ." Pl. Br. at 6. Universal is seeking an order "granting it the ability to sell the goods and enforce its [carrier's] lien pursuant to [Mich. Comp. Laws § 440.7308]." Pl. Br. at 2; see also id. at 9 (same). This request is premised on Global Keg's alleged breach of the Transportation Agreement for failing to pay Universal for transportation services.

Under Michigan law, a "carrier" is defined as "a person that issues a bill of lading." Mich. Comp. Laws § 440.7102(1)(b). "A carrier has a lien on the goods covered by a bill of

---

[1] Global Keg claims that, "[a]t the end of 2015, Universal refused to release certain kegs to Global Keg until it entered into a 'Transportation Agreement' whereby Global Keg would pay unspecified 'rates and charges agreed to' for transportation of kegs." Defs. Resp. at 4. According to Global Keg, it was "coerced into the Transportation Agreement under duress" because it was "[f]acing business ruination if it was unable to supply the kegs it had contracted to rent out to its clients. . . ." Id.

2

lading or on the proceeds of those goods in its possession for charges after the date of the carrier's receipt of the goods for storage or transportation, . . . and for expenses necessary for preservation of the goods incident to their transportation or reasonably incurred in their sale pursuant to law." Mich. Comp. Laws § 440.7307. This lien may be enforced by a "public or private sale of the goods, in bulk or in packages, at any time or place and on any terms that are commercially reasonable, after notifying all persons known to claim an interest in the goods." Mich. Comp. Laws § 440.7308(1). The procedure for enforcement is found in § 440.7308(1), as well as in Mich. Comp. Laws § 440.7201 (regarding a warehouse's lien). Mich. Comp. Laws § 440.7308(7). A carrier that fails to comply with the requirements for sale under § 440.7308 is liable for damages. Mich. Comp. Laws § 440.7308(8). If the violation is willful, the carrier is liable for conversion. Id.

However, as Global Keg correctly points out in its response, see Defs. Resp. at 6-9, Universal does not provide the Court with any case law to suggest the Court has the authority to grant the relief requested in the motion. Nor does Universal provide any authority that the enforcement of a carrier's lien under Mich. Comp. Laws § 440.7308 requires judicial approval beforehand. Without authority or even an argument on this issue, granting relief now would be inappropriate.

It appears to the Court that Universal is actually requesting a declaration that it may exercise its rights as a purported carrier to enforce a lien under Michigan law. Such relief might be available if Universal had made the requisite showing. But, as explained below, it has not done so.

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may

declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); Fed. R. Civ. P. 57 ("These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201."). The exercise of jurisdiction in a declaratory judgment action is consigned to the court's discretion. Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). "The essential question is always whether a district court has taken a good look at the issue and engaged in a reasoned analysis of whether issuing a declaration would be useful and fair." W. World Ins. Co. v. Hoey, 773 F.3d 755, 759 (6th Cir. 2014).

In exercising that discretion, courts consider five factors:

> (1) Whether the declaratory action would settle the controversy;
>
> (2) Whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (3) Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"
>
> (4) Whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
> (5) Whether there is an alternative remedy which is better or more effective.

Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 554 (6th Cir. 2008) (citing Grand Trunk W. R.R. Co. v. Consol. Rail Co., 746 F.2d 323, 326 (6th Cir. 1984)).

Universal's motion does not mention or acknowledge this five-factor test. Consequently, Universal does not address how any of the five factors weigh in favor of the Court exercising jurisdiction over this declaratory judgment matter at this time. As such, Universal has failed to carry its burden for any supposed request for a declaration of its rights under Michigan law.

Global Keg also argues that there are numerous issues that require further fact-finding in this case, including whether Global Keg's assent to the Transportation Agreement was the result of duress, and whether Universal has adequately provided notice to "all persons known to claim an interest in the goods," as required by Mich. Comp. Laws § 440.7308(1).  See Defs. Resp. at 4-5, 9.  Again, the Court agrees.

 "[W]hen ruling under the Declaratory Judgment Act, usually only purely legal issues" that "will not be clarified by further factual development" are "fit for judicial review."  Nat'l Rifle Ass'n of Am. v. Magaw, 132 F.3d 272, 290 (6th Cir. 1997).  This is consistent with the approach several courts have adopted in construing a party's motion for declaratory judgment as a "motion for summary judgment on an action for a declaratory judgment."  Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc., 560 F.3d 935, 943 (9th Cir. 2009) (emphasis added); Int'l Bhd. of Teamsters v. E. Conference of Teamsters, 160 F.R.D. 452, 456 (S.D.N.Y 1995) (same).  The Court finds that Universal has failed to establish its entitlement to a declaratory judgment under the appropriate summary-judgment standard, which also warrants denial of the motion.

First, there is a potential question of fact concerning whether Global Keg was coerced into signing the Transportation Agreement.  See Answer at 10 (Dkt. 15); see also Barry Aff., Ex. A to Answer, ¶ 4 (Dkt. 15-1) ("At the end of October 2015, Universal refused to release Global Keg's property — without which [Global Keg] could not remain in business — unless [Global Keg] signed the agreement that Universal tendered and demanded to be returned.  The agreement did not provide for rates, pricing or other charges, and those terms were never agreed upon.").

Second, there may be several questions of fact concerning whether Universal has satisfied the notification requirement of Mich. Comp. Laws § 440.7308(1).  Aside from Global

5

Keg, there is no mention in the motion of whether Universal has provided notice to any other person who may claim an interest in the goods, including the shipper of the goods — NDL China. The notice must also contain "a statement of the amount due, the nature of the proposed sale, and the time and place of any public sale." Mich. Comp. Laws § 440.7308(1). However, Universal does not mention in its motion whether the notice contained a statement regarding the nature of the proposed sale, of the time and place of the public sale, if one is contemplated.

Given the number of issues that may require further factual development in this case, a declaratory judgment that Universal is entitled to exercise its rights under Mich. Comp. Laws § 440.7308 is premature. See Wal-Mart Real Estate Bus. Trust v. Eastwood, LLC, No. 1:13-cv-1348, 2015 WL 12910670, at *7 (W.D. Mich. July 27, 2015) (recognizing that awarding a declaratory judgment would be "premature" because "there remain significant factual disputes" surrounding those claims). A declaratory judgment is not appropriate at this time.

### III. CONCLUSION

For the reasons stated above, Universal's motion to enforce a carrier's lien (Dkt. 20) is denied without prejudice.

SO ORDERED.

Dated:  July 28, 2017                                   s/Mark A. Goldsmith
     Detroit, Michigan                              MARK A. GOLDSMITH
                                                           United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 28, 2017.

                                                                       s/Karri Sandusky
                                                                       Case Manager